IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.

Brittany Bigsbee,

        Plaintiff,

  vs.

Equifax Information Services, LLC,
a Georgia limited liability company,
Experian Information Solutions, Inc.,
an Ohio corporation, and
JP Morgan Chase & Co.,
a foreign corporation,

        Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY**

NOW COMES THE PLAINTIFF, BRITTANY BIGSBEE, BY AND THROUGH COUNSEL, Andrew Braithwaite, and for her Complaint against the Defendants, pleads as follows:

**I.**

**NATURE OF THE ACTION**

1. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## II.

## JURISDICTION AND VENUE

2. This court has jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681p.

3. The transactions and occurrences which give rise to this action occurred in the City of Hollywood, Broward County, Florida.

4. Venue is proper in the Southern District of Florida.

## III.

## PARTIES

5. Plaintiff is a natural person residing in Hollywood, Broward County, Florida.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the state of Florida;

    b. Experian Information Solutions, Inc. ("Experian") is an Ohio corporation that conducts business in the state of Florida; and

    c. JP Morgan Chase & Co. ("Chase") is a foreign profit corporation that conducts business in the state of Florida.

## IV.

## GENERAL ALLEGATIONS

7. Chase is inaccurately reporting its trade lines ("Errant Trade Lines") on Plaintiff's Equifax credit file.

8. The Errant Trade Lines should be reported by Chase with a notation of bankruptcy discharge.

9. On or about September 25, 2013, Ms. Bigsbee filed for Chapter 7 bankruptcy.

10. On or about February 12, 2014, Ms. Bigsbee received an Order of Discharge from the bankruptcy court.

11. On or about December 22, 2017, Ms. Bigsbee obtained her credit files and discovered the Errant Trade Lines reporting inaccurately without the notation of bankruptcy discharge. Without this notation, any creditor reading her credit report would be misled to believe that this account is still open and active when in fact, it's closed and no longer the Plaintiff's obligation.

12. On or about January 4, 2018, Ms. Bigsbee submitted letters to Equifax and Experian disputing the Errant Trade Lines.

13. In her dispute letters, Ms. Bigsbee stated that the subject accounts had been discharged and attached the Order of Discharge.

14. She asked Equifax and Experian to report the Errant Trade Lines as discharged in bankruptcy.

15. Upon information and belief, Equifax and Experian forwarded Ms. Bigsbee's dispute to Chase.

16. On February 21, 2018, Ms. Bigsbee obtained her Equifax credit file, which showed that Equifax and Chase failed or refused to report the correct notation of bankruptcy discharge on the Errant Trade Lines.

17. On February 26, 2018, Ms. Bigsbee obtained her Experian credit file, which showed that Experian and Chase failed or refused to report the correct notation of bankruptcy discharge on the Errant Trade Lines.

18. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

### COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CHASE

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. After being informed by Equifax and Experian of Ms. Bigsbee's consumer dispute of the discharged language of the Errant Trade Lines, Chase negligently failed to conduct a proper investigation of Ms. Bigsbee's dispute as required by 15 USC 1681s-2(b).

21. Chase negligently failed to review all relevant information available to it and provided by Equifax and Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to report the correct notation of bankruptcy discharge on the Errant Trade Lines.

22. The Errant Trade Lines are inaccurate and creating a misleading impression on Ms. Bigsbee's consumer credit file with Equifax and Experian to which it is reporting such trade lines.

23. As a direct and proximate cause of Chase's negligent failure to perform its duties under the FCRA, Ms. Bigsbee has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

24. Chase is liable to Ms. Bigsbee by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

25. Ms. Bigsbee has a private right of action to assert claims against Chase arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Chase for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY CHASE

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. After being informed by Equifax and Experian that Ms. Bigsbee disputed the accuracy of the information it was providing, Chase willfully failed to conduct a proper reinvestigation of Ms. Bigsbee's dispute, and willfully failed to direct Equifax and Experian to report the correct notation of bankruptcy discharge on the Errant Trade Lines.

28. Chase willfully failed to review all relevant information available to it and provided by Equifax and Experian as required by 15 USC 1681s-2(b).

29. As a direct and proximate cause of Chase's willful failure to perform its duties under the FCRA, Ms. Bigsbee has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

30. Chase is liable to Ms. Bigsbee for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by

the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Chase for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

31. Plaintiff realleges the above paragraphs as if recited verbatim.

32. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Bigsbee as that term is defined in 15 USC 1681a.

33. Such reports contained information about Ms. Bigsbee that was false, misleading, and inaccurate.

34. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Bigsbee, in violation of 15 USC 1681e(b).

35.  After receiving Ms. Bigsbee's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

36. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Bigsbee has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

37. Equifax is liable to Ms. Bigsbee by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

38. Plaintiff realleges the above paragraphs as if recited verbatim.

39. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Bigsbee as that term is defined in 15 USC 1681a.

40. Such reports contained information about Ms. Bigsbee that was false, misleading, and inaccurate.

41. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Bigsbee, in violation of 15 USC 1681e(b).

42. After receiving Ms. Bigsbee's consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

43. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Bigsbee has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

44. Equifax is liable to Ms. Bigsbee by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

45. Plaintiff realleges the above paragraphs as if recited verbatim.

46. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Bigsbee as that term is defined in 15 USC 1681a.

47. Such reports contained information about Ms. Bigsbee that was false, misleading, and inaccurate.

48. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Bigsbee, in violation of 15 USC 1681e(b).

49. After receiving Ms. Bigsbee's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

50. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Ms. Bigsbee has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

51. Experian is liable to Ms. Bigsbee by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

    **WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

52. Plaintiff realleges the above paragraphs as if recited verbatim.

53. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Bigsbee as that term is defined in 15 USC 1681a.

54. Such reports contained information about Ms. Bigsbee that was false, misleading, and inaccurate.

55. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Bigsbee, in violation of 15 USC 1681e(b).

56. After receiving Ms. Bigsbee's consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

57. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Ms. Bigsbee has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

58. Experian is liable to Ms. Bigsbee by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: July 5, 2018

By: */s/* J. Andrew Braithwaite

John Andrew Braithwaite, Esq.
Florida Bar No. 68291
390 N. Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone No.: (407) 796-2639
Facsimile No.: (407) 393-5549
eservice@AndyBraithwaiteLaw.com
andy.braithwaitelaw@gmail.com
Attorneys for Plaintiff,
Brittany Bigsbee